UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARRON EVON ROBERTSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. SUPREME COURT,<br><br>　　　　　Defendant. | No. 2:13-cv-1628 MCE DAD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, Sharron Robertson, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

　　　　Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

1

1 bound to deny a motion seeking leave to proceed in forma pauperis.").

2 Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels

1  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor
2  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
3  enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,
4  557.  A plaintiff must allege with at least some degree of particularity overt acts which the
5  defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.
6        Moreover, jurisdiction is a threshold inquiry that must precede the adjudication of
7  any case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of
8  Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited
9  jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v.
10  Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37
11  (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears
12  affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting
13  Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).
14        Lack of subject matter jurisdiction may be raised by the court at any time during
15  the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th
16  Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it]
17  has subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is
18  the obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v.
19  Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court
20  cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.
21        The burden of establishing jurisdiction rests upon plaintiff as the party asserting
22  jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)
23  (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,
24  implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy
25  within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)
26  (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly
27  insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of
28  jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

1  "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction
2  . . . and may be dismissed sua sponte before service of process.").

3  Here, plaintiff's complaint fails to comply with any of the requirements set forth
4  above. In this regard, plaintiff's complaint is composed entirely of vague, conclusory, disjointed
5  and farfetched allegations. For example, in her complaint plaintiff alleges that "President Reagan
6  imposed military duties to Vietnam w/o authorization to find MIAs of which his family
7  involved," that "Mr. Clinton was given monies from New York Hospital" and that "Shirely
8  Hauter (S.J + Sac. P.D) discovered Jerry Brown, JFK, Jr., Caroline Kennedy, et al. selling drugs:
9  sexual misconduct, homosexuality, etc." (Compl. (Doc. No. 1) at 2-3.)

10  Accordingly, plaintiff's complaint should be dismissed for failure to state a claim
11  upon which relief can be granted.

12  The undersigned has carefully considered whether plaintiff may amend her
13  pleading to state a claim upon which relief can be granted. "Valid reasons for denying leave to
14  amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.
15  Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake
16  Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that
17  while leave to amend shall be freely given, the court does not have to allow futile amendments).
18  In light of the obvious deficiencies of the complaint filed by plaintiff in this action as noted
19  above, the court finds that it would be futile to grant plaintiff leave to amend.

20  Accordingly, IT IS HEREBY RECOMMENDED that:

21  1. Plaintiff's August 7, 2013 application to proceed in forma pauperis (Doc. No.
22  2) be denied;

23  2. Plaintiff's August 7, 2013 complaint be dismissed without leave to amend; and

24  3. This action be closed.

25  These findings and recommendations will be submitted to the United States
26  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within
27  fourteen (14) days after being served with these findings and recommendations, plaintiff may file
28  written objections with the court. A document containing objections should be titled "Objections

4

to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 2, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\robertson1628.ifp.den.f&rs

5