1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHARRON EVON ROBERTSON,                    No.  2:13-cv-1628 MCE DAD PS

12              Plaintiff,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   U.S. SUPREME COURT,

15              Defendant.

16

17              Plaintiff, Sharron Robertson, is proceeding in this action pro se.  This matter was

18   referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

19   Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

20              Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C.

21   § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis

22   status does not complete the inquiry required by the statute.  "'A district court may deny leave to

23   proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that

24   the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th

25   Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See

26   also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to

27   examine any application for leave to proceed in forma pauperis to determine whether the

28   proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

                                                 1

1    bound to deny a motion seeking leave to proceed in forma pauperis.").

2            Moreover, the court must dismiss an in forma pauperis case at any time if the

3    allegation of poverty is found to be untrue or if it is determined that the action is frivolous or

4    malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

5    an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it

6    lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin

7    v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

8    complaint as frivolous where it is based on an indisputably meritless legal theory or where the

9    factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

10           To state a claim on which relief may be granted, the plaintiff must allege "enough

11   facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550

12   U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

13   accepts as true the material allegations in the complaint and construes the allegations in the light

14   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

15   Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

16   1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

17   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

18   conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

19   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

20           The minimum requirements for a civil complaint in federal court are as follows:

21           A pleading which sets forth a claim for relief . . . shall contain (1) a
             short and plain statement of the grounds upon which the court's
22           jurisdiction depends . . . , (2) a short and plain statement of the
             claim showing that the pleader is entitled to relief, and (3) a demand
23           for judgment for the relief the pleader seeks.

24   FED. R. CIV. P. 8(a).

25           Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

26   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

27   state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.

28   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

                                            2

1   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

2   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

3   enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

4   557.  A plaintiff must allege with at least some degree of particularity overt acts which the

5   defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

6           Moreover, jurisdiction is a threshold inquiry that must precede the adjudication of

7   any case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of

8   Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited

9   jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v.

10   Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37

11   (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears

12   affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting

13   Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

14           Lack of subject matter jurisdiction may be raised by the court at any time during

15   the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th

16   Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it]

17   has subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is

18   the obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v.

19   Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

20   cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

21           The burden of establishing jurisdiction rests upon plaintiff as the party asserting

22   jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)

23   (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

24   implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy

25   within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)

26   (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly

27   insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of

28   jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

1  "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction

2  . . . and may be dismissed sua sponte before service of process.").

3         Here, plaintiff's complaint fails to comply with any of the requirements set forth

4  above.  In this regard, plaintiff's complaint is composed entirely of vague, conclusory, disjointed

5  and farfetched allegations.  For example, in her complaint plaintiff alleges that "President Reagan

6  imposed military duties to Vietnam w/o authorization to find MIAs of which his family

7  involved," that "Mr. Clinton was given monies from New York Hospital" and that "Shirely

8  Hauter (S.J + Sac. P.D) discovered Jerry Brown, JFK, Jr., Caroline Kennedy, et al. selling drugs:

9  sexual misconduct, homosexuality, etc."  (Compl. (Doc. No. 1) at 2-3.)

10        Accordingly, plaintiff's complaint should be dismissed for failure to state a claim

11  upon which relief can be granted.

12        The undersigned has carefully considered whether plaintiff may amend her

13  pleading to state a claim upon which relief can be granted.  "Valid reasons for denying leave to

14  amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

15  Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

16  Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

17  while leave to amend shall be freely given, the court does not have to allow futile amendments).

18  In light of the obvious deficiencies of the complaint filed by plaintiff in this action as noted

19  above, the court finds that it would be futile to grant plaintiff leave to amend.

20        Accordingly, IT IS HEREBY RECOMMENDED that:

21        1. Plaintiff's August 7, 2013 application to proceed in forma pauperis (Doc. No.

22  2) be denied;

23        2. Plaintiff's August 7, 2013 complaint be dismissed without leave to amend; and

24        3. This action be closed.

25        These findings and recommendations will be submitted to the United States

26  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

27  fourteen (14) days after being served with these findings and recommendations, plaintiff may file

28  written objections with the court.  A document containing objections should be titled "Objections

4

to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 2, 2013

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\robertson1628.ifp.den.f&rs

5